# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>201 East Meadowview Road<br>Apartment D<br>Greensboro, NC 27406 | )<br>)<br>) Case No. 15-mj248<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
SEE ATTACHMENT A

located in the ___Middle___ District of ___North Carolina___, there is now concealed *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1952(a)(3) | Use of a facility of interstate commerce namely, the Internet, cellular telephones, and credit cards, to promote the carrying on of a business involving prostitution |
| 18 USC 1591 | Sex Trafficking of Children |

The application is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

D. Brent Perley, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/31/15 5:10pm

*Judge's signature*

City and state: Durham, North Carolina       Joe L. Webster, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, D. Brent Perley, being duly sworn, depose and state:

1. I am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed with ICE, including the former U.S. Immigration and Naturalization Service, since May 31, 1988. During the course of employment, I have conducted several criminal investigations relating to violations of Titles 8, 18, 19, 21 and 42 of the United States Code. I have successfully completed the Border Patrol Academy and the Immigration Officer Basic Training Course at the Federal Law Enforcement Training Center in Glynco, Georgia. As a Special Agent with HSI, my duties include investigating violations of federal law concerning the transportation of individuals in interstate commerce for the purpose of prostitution, the harboring of undocumented aliens, and the trafficking of aliens into the United States for the purpose of prostitution, and the laundering of monetary instruments.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

3. This Affidavit is made in support of an application for a warrant to search the entire premises of 201 East Meadowview Road, Apartment D, Greensboro, N.C. 27406, Guilford County, North Carolina, (the "SUBJECT PREMISES"). The SUBJECT PREMISES to be searched are located in the Middle District of North Carolina, and are

more particularly described in Attachment A. There is probable cause to believe that the Target Subjects, and others as yet unknown, have committed, are committing, and are conspiring to commit offenses involving the Sex Trafficking of Children, in violation of Title 18 U.S.C. Section 1591, Forced Labor, in violation of Title 18, U.S.C., Section 1589, The Use of a Facility of Interstate Commerce, namely the Internet, cellular telephones, and credit cards, to promote the carrying on of a business involving prostitution, to promote the carrying on of a business involving prostitution, in violation of Title 18, United States Code, Section 1952(a)(3); and aiding and abetting, in violation of 18 U.S.C. § 2, (hereinafter referred to as the Target Offenses).

4. The purpose of this application is to seize evidence of violations of Title 18 U.S.C., Sections 1589, 1591, 1952 and 2.

5. This Affiant has participated in the investigation summarized in this affidavit. As a result of my personal participation in this investigation, through interviews with and analysis of reports submitted by other HSI Special Agents, and Detectives with the Greensboro and Burlington Police Departments, I am familiar with all aspects of this investigation. On the basis of this familiarity, and on the basis of other information which I have reviewed and determined to be reliable, I allege that:

6. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of the Target Offenses are located at the SUBJECT PREMISES.

## Probable Cause to Search the Subject Premises

7. Homeland Security Investigations, Winston-Salem, North Carolina, has obtained evidence from law enforcement personnel and other sources that the Target Subjects, in the Middle District of North Carolina and elsewhere, are involved in forced labor and the sex trafficking of children, and have used and continue to use facilities in interstate and foreign commerce, namely, the Internet, cellular telephones, and credit cards, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, a business enterprise involving prostitution, in violation of North Carolina General Statute 14-204, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity. (In violation of Title 18, United States Code, Section 1952(a)(3)).

8. Beginning in or about, or at some point prior to, June 2015, and continuing through at least July 2015, defendants Ricky Bradley COOKE, Carl Wayne BLACKMON, and others known and unknown, operated a prostitution business based in Burlington and Greensboro, North Carolina, through which COOKE and BLACKMON marketed women to perform prostitution, that is, sexual acts in exchange for money, in various cities, including Burlington and Greensboro, North Carolina, all of which are located in the Middle District of North Carolina. COOKE and BLACKMON posted advertisements on a publicly-available classified advertising website (hereinafter, "Website A"), which included sexually explicit photographs of women and offered companionship and escort services, which the instant investigation has revealed is a guise for prostitution.

3

9. The investigation has revealed that the prostitutes under COOKE's and BLACKMON's employ have been harbored at several hotels and an apartment, all located in the Middle District of North Carolina, to include the Econo Lodge, 2133 Hanford Road, Burlington, N.C. 27215, the Econo Lodge, 120 Seneca Road, Greensboro, N.C. 27406, the Day's Inn, 3114 Cedar Park Road, Greensboro, N.C., 27405, and 201 East Meadowview Road, Apartment D, Greensboro, N.C. 27406.

10. On July 12, 2015 a 15 year old female hereinafter identified as Jane Doe reported being the victim of coerced prostitution in the area of Burlington, N.C. Based of this information a forensic interview was conducted with Jane Doe by officers employed with the Burlington Police Department on July 15, 2015. Jane Doe disclosed the prostitution took place between the dates of June 9, 2015 and July 12, 2015.

11. During the interview, Jane Doe described being forced to prostitute for money by two males. Jane Doe described one of the males as being tall, dark-complected, having a lazy left eye, and having a tattoo of an eight ball on his right arm. Jane Doe stated that this male goes by the name of "Ricky" and uses the alias of Brandon Cooke. Jane Doe also stated that this male has a cell phone number of (336) 210-9939. Jane Doe described the other male as being shorter with long dreadlock styled hair who uses the name CJ and an alias of Carl Jay, and who was recently released from prison. Jane Doe stated that the males threatened her life, the life of her mother and the life of her brother if she did not cooperate with their demands. Jane Doe also detailed in her interview being forced to have sex with multiple males in and around the Burlington, Greensboro, and Fayetteville, North Carolina areas, and Myrtle Beach, South Carolina for money. Jane

4

Doe stated that she was forced to give the money she received for acts of prostitution to "Ricky" and "CJ".

12. Jane Doe stated that COOKE and BLACKMON posted advertisements on the Internet accessed with his cellular telephone and a laptop for sex with her on Website A using the name "Skyler" and listed her age as either 22 or 23.

13. A search of law enforcement databases revealed a record of a male named Ricky Bradley COOKE having a contact phone number of (336) 210-9939. The results also revealed pictures of COOKE, who has a dark complexion, a tattoo of an eight ball on his right arm and a lazy left eye.

14. A search of law enforcement databases revealed the record of a black male named Carl Wayne Blackmon, Jr. and a recent NCDOC photograph depicting that he styles his hair in a long dreadlocked style. A query of BLACKMON's criminal history confirmed that he was recently released from the North Carolina Department of Corrections on February 21, 2015 and is currently a fugitive from justice.

15. Law enforcement officers conducted a search of Website A for advertisements using the name "Skyler" and located several advertisements for escort services listing the telephone numbers (336) 210-9939, (336) 398-4027, (336) 327-9398, and (704) 727-8421.

16. On July 20, 2013 a Homeland Security Investigations Summons was sent to Website A requesting data associated with the advertisements related to telephone numbers (336) 210-9939, (336) 398-4027, (336) 327-9398, and (704) 727-8421. Website A responded to the subpoena and it was determined that an advertisement dated January 6, 2015 in the escort section with (336) 210-9939 as the contact telephone number had

5

been posted January 6, 2015. The advertisement header reads, "...Roxxi is Ready to play under the sheetz.*". The customer account information for the advertisement was listed as the email bossbadazz74@_____.com (domain known to your affiant).

17. Website A also provided several other postings for escort services, which offered escort services in the Burlington, Greensboro, and Charlotte areas. Two of those advertisements, dated July 6 and July 9, 2015 advertised escort services with "Skyler" in the Greensboro and Charlotte area.

18. On July 21, 2015 A.R.L guided law enforcement officers to hotels where she had been forced to have sex for money to include the Econo Lodge, 2133 Hanford Road, Burlington, N.C., the Econo Lodge, 120 Seneca Road, Greensboro, N.C., and the Day's Inn, 3114 Cedar Park Road, Greensboro, N.C.

19. Jane Doe guided the officers to the Econo Lodge, 120 Seneca Road, Greensboro, N.C. and stated that on or about June 9, 2015, she was taken to rooms 107 and 249 in the hotel by COOKE and BLACKMON. COOKE placed advertisements on the Internet, received calls from prospective customers, and Jane Doe was forced to have sex with several men. COOKE and BLACKMON would drive her to some of the appointments in Greensboro and Burlington areas and several customers picked her up at the hotel and drove her to another location for sex. After each sex session, the customer paid Jane Doe the agreed upon fee and she would give all of the money to COOKE or BLACKMON.

20. Jane Doe guided the officers to the Econo Lodge, 2133 Hanford Road, Burlington, N.C., and stated that COOKE and BLACKMON kept her in rooms 225, 254, and 256. Again, COOKE placed advertisements on the Internet, received calls from

6

prospective customers, and Jane Doe was forced to have sex with several men. Jane Doe was forced to have sex with men for several weeks. COOKE and BLACKMON drove her to Wilmington and Myrtle Beach, South Carolina to have sex with men for money and returned to the Econo Lodge in Burlington after each trip.

21. Jane Doe stated to the officers that she had been forced to have sex with numerous men who were tenants in the Econo Lodge where she was staying.

22. Jane Doe guided the officers to the Days Inn, 3114 Cedar Park Road, Greensboro, N.C. and stated that COOKE and BLACKMON had driven her to the hotel on an unknown date in June and they briefly visited a woman known only as "Rican" or "Shae" in an unknown room number. Jane Doe was certain that the woman was involved in prostitution activity for COOKE and BLACKMON.

23. Jane Doe stated to the officers that she recalled an incident where COOKE had struck "Rican" in the face as punishment for not getting paid for sex. Jane Doe could not recall the date or in which hotel the incident occurred. During the incident, COOKE broke a window in the hotel room where the incident occurred with his fist.

24. Your affiant obtained and reviewed a Greensboro Police Report dated June 22, 2015 which related to a vandalism report by the hotel proprietor. The report indicated that a window had been broken in a room rented to a customer named Ricky Cooke. The customer had not reported the broken window and had vacated the room prior to its discovery by hotel staff.

25. Jane Doe guided the officers to 201 East Meadowview Road, Greensboro, N.C. and pointed out the last apartment, Apartment D, as the residence of BLACKMON's father. Jane Doe stated that on or about June 9, 2015, COOKE and BLACKMON took

7

her to Apartment D directly after first meeting them. Jane Doe stated that she remained there for a short period before being taken to the Econo Lodge, 120 Seneca Road, Greensboro, N.C. Jane Doe stated that between June 9, 2015 and July 12, 2015, COOKE and BLACKMON took her there during the day when she was not being forced to have sex for money. Jane Doe stated that COOKE and BLACKMON often took her to the apartment during the day so that she would not be seen and reported to the police.

26. Your affiant conducted a search of law enforcement databases and located several records which indicated that BLACKMON"s father, Carl Wayne Blackmon, Sr., resides at 201 East Meadowview Road, Apartment D, Greensboro, N.C.

27. On July 23, 2015, law enforcement officers conducting surveillance of 201 East Meadowview Road, Apartment D, Greensboro, N.C. observed a vehicle leave from in front of the apartment and travel to a nearby restaurant. The driver, matching the description of BLACKMON, was observed exiting the vehicle and entering the restaurant.

## Conclusion

28. This affiant knows through training and experience that persons involved in the prostitution business typically utilize electronic devices such as, but not limited to computers, digital cameras, cellular phones, and that those implements and materials are typically stored in vehicles, residences, and places which are utilized for prostitution activity.

29. Your affiant also knows that it is common for persons who are involved in the prostitution business to accumulate large amounts of proceeds of the illegal activity, and

8

that the proceeds are commonly stored in safe deposit boxes, rented storage facilities, vehicles, residences, and places which are utilized for prostitution activity.

30. Based on the foregoing facts your affiant believes that probable cause exists that the Target Subjects have committed the target offenses at the SUBJECT PREMISES, and that evidence of violations of the target offenses more likely than not exist in the guest registry records and surveillance video, are maintained at the SUBJECT PREMISES.

31. Therefore, your affiant respectfully requests that the court issued an order authorizing Agents and Task Force Officers of Homeland Security Investigations for the search and seizure of the guest registry records and surveillance video, more particularly described in Attachment B, for the SUBJECT PREMISES, more particularly described in Attachment A, and to compel the proprietor, operator, manager and/or owner of the property to provide the records identified in Attachment B for the entire time period beginning on June 9, 2015 through and including July 12, 2015.

D. Brent Perley
Special Agent, ICE/HSI

Subscribed and sworn
before me this 31st day of July, 2015 5:10 PM

Joe L. Webster
United States Magistrate Judge

# ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED

The Subject Premises of 201 East Meadowview Road, Apartment D, Greensboro, N.C. 27406, is the site of a single family apartment located within a multiple-unit, two story building. The building has brick veneer and wood siding with wooden staircases in front of the building leading to the second floor apartments. The apartment building has a tenant parking lot in front of it between the building and Meadowview Road. Apartment D is the last apartment on the right as viewed from the parking area. The parking area is accessed from McArthur Drive. The apartment has a blue door with the letter D visibly affixed.



# ATTACHMENT B
# ITEMS TO BE SEARCHED FOR AND SEIZED

Based on the foregoing, I respectfully submit that there is probable cause to believe that the following items, which constitute evidence, fruits and/or instrumentalities of criminal activity of violations of Titles18, United States Code Sections 1589, 1591, and 1952(a)(3), and evidence of the predicate offense prostitution, will be found at the SUBJECT PREMISES:

1. Any and all identity documents, including but not limited to passports, licenses, visas (including those in fictitious or alias identities), birth certificates, identification cares, social security cards;

2. Any and all records pertaining to business, financial, and other financial records to include but not limited to financial institution account records including statements, loan files, correspondence, check registers, canceled checks, deposit slips, ATM receipts, cashier's checks, money orders, domestic and international a wire transfer in and out of the accounts, and other methods of payment and other financial instruments;

3. Any and all personal records including, but not limited to appointment books, calendars, and/or work schedules, receipt books, ledgers, journals, balance sheets, statements, summaries, schedules or other documentation pertaining to revenue, income, and compensation;

4. Records pertaining to assets and liabilities;

5. Records relating to credit card purchases and applications for credit to include credit history reports, financial statements, employment history, etc.

6. Business cards;

1

7. Records relating to the rental, lease, or purchase of storage units, lockers, or safe deposit boxes, including contracts, payment receipts, keys, access records, and entry access codes;

8. All documents referencing storage facilities, safe deposit boxes, or rented post office box and keys/passwords related to the same;

9. Suspected proceeds of the prostitution operation, including United States currency;

10. Cameras: to include Polaroid, digital, and cell phone cameras;

11. Indicia of occupancy, residence, control or ownership of the listed premise and/or vehicles, such as records, letters, canceled envelopes, receipts for rent or moneys paid, photographs, and personalized items;

12. Travel records, including airline tickets, boarding passes, and airline ticket receipts, gasoline receipts and hotel/motel records;

13. All materials relating to an ongoing document vendor operation, including records, receipts, notes, financial documents, identification documents, bank information, and personal information of document purchasers and/or identity theft victims, such as names, dates of birth, account information, and Social Security numbers;

14. Any computer equipment and storage device capable of being used to commit, further, or store evidence of the offenses listed above; such as all computers and related materials, including monitors, keyboards, printers, scanners, cables, modems, software, hardware, instruction manuals, and encryption and password codes; all electronic devices, documents, and other materials that might contain evidence of contact information for and/or communications between persons who may be involved in the prostitution or massage operation, to include cellular telephones, pagers, facsimile machines, caller identification devices, telephone records and bills, telephone books (both personal and commercially printed, particularly if marked in any fashion), and photographs;

15. All records relating to the violations referenced above involving the residents of the SUBJECT PREMISES, including lists of customers and payments, ledgers; types,

2

amounts, and prices of documents sold as well as dates, places, and amounts of specific transactions.

16. Any computers to include file servers, desktop computers, laptop computers, mainframe computers, and storage devices such as hard drives, CD-ROMs, DVDs, USB drives, SD cards, and floppy disk that were or may have been used as a means to commit the offenses outlined above.